IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALISON ENDICOTT-QUIÑONES,
Guardian ad Litem, on behalf of
A. D., R. B., E. B., and M. B.,
minor children,

       Plaintiffs,

vs.                                          No: 1:21-cv-00368 LH/JHR

PATRICIA GARZA, in her individual
and official capacity; REBECCA LIGGETT,
in her individual and official capacity; BRENDA
SALDANA, in her individual and official capacity;
NEW MEXICO CHILDREN YOUTH &
FAMILIES DEPARTMENT; and DOES 1-50,

       Defendants.

**ANSWER TO COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND FOR DAMAGES AND INJUNCTIVE RELIEF**

COME NOW New Mexico Children, Youth and Families Department ("CYFD"), Patricia Garza, Rebecca Liggett, and Brenda Saldana (collectively "Defendants") by and through their attorneys, Park & Associates, LLC (Alfred A. Park, Lawrence M. Marcus, and James J. Grubel), and for their Answer to Plaintiffs' Complaint for Civil Rights Violations and For Damages and Injunctive Relief (hereinafter "Complaint") state as follows:

## INTRODUCTION

1. Defendants state that no response is necessary to the allegations in Paragraph 1 of the Complaint. To the extent that the allegation can be construed against Defendants, they deny the same and demand strict proof thereof.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

1

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint and demand strict proof thereof.

4. Defendants admit that the Plaintiffs were taken by their biological parents from the State of New Mexico while the Plaintiffs were in the legal custody of CYFD. Defendants also admit that M.B. suffered an injury but Defendants are without information or knowledge to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4 of the Complaint and, placing their denial on that basis, deny the same and demand strict proof thereof.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint and demand strict proof thereof.

## JURISDICTION

6. Defendants state that the allegations in Paragraph 6 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

7. Defendants state that the allegations in Paragraph 7 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

8. Defendants state that the allegations in Paragraph 8 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or

knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

## PARTIES

9. Defendants admit the allegations as contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations as contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations as contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations as contained in Paragraph 12 of the Complaint.

13. Defendants admit that Alison Endicott-Quinones was appointed to represent Plaintiffs in another matter but deny that she has been appointed to represent Plaintiffs in this matter. Defendants admit that Alison Endicott-Quinones resides in Bernalillo County.

14. Defendants admit that Patricia Garza is a CYFD employee who manages CYFD's Lea County Office.  Defendants state that the remaining allegations in 14 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

15. Defendants admit that Brenda Saldana is a CYFD employee who works in CYFD's Lea County Office.  Defendants state that the remaining allegations in 15 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

16. Defendants admit that Rebecca Liggett is a CYFD employee who resides in Santa Fe County but deny the reaming allegations contained in Paragraph 16 of the Complaint and Demand strict proof thereof.

17. Defendants admit that CYFD is a department of the New Mexico state government. Defendants state that the remaining allegations in 17 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

18. Defendants state that the allegations in Paragraph 18 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

## FACTUAL ALLEGATIONS

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the Plaintiffs were suffering of medical conditions including tooth decay, Tuberculosis and one suffered from meningitis, but deny the remaining allegations as alleged in Paragraph 20 of the Complaint and demand strict proof thereof.

21. Defendants state that Plaintiffs were placed in CYFD's custody but state that the remaining allegations as stated in Paragraph 21 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or

knowledge to form a belief as to the truth or falsity of the remaining allegations. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

22. Defendants deny that D-506-2019-00391 is still pending but admit the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit the allegations of Paragraph 23 of the Complaint.

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations as contained in Paragraph 25 of the Complaint and demand strict proof thereof.

26. Defendants deny the allegations as contained in Paragraph 26 of the Complaint and demand strict proof thereof.

27. Defendants deny the allegations as contained in Paragraph 27 of the Complaint and demand strict proof thereof.

28. Defendants deny the allegations as contained in Paragraph 28 of the Complaint and demand strict proof thereof.

29. Defendants deny the allegations as contained in Paragraph 29 of the Complaint and demand strict proof thereof.

30. Defendants deny the allegations as contained in Paragraph 30 of the Complaint and demand strict proof thereof.

31. Defendants deny the allegations as contained in Paragraph 31 of the Complaint and demand strict proof thereof.

32. Defendants deny the allegations as contained in Paragraph 32 of the Complaint and demand strict proof thereof.

33. Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

34. Defendants admit there was a telephone call between Rebecca Liggett and Woodward but deny the remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

36. Defendants admit Woodward was removed from the case but deny the remaining allegations contained in Paragraph 36 of the Complaint and demand strict proof thereof.

37. Defendants admit that Plaintiffs were placed in a trial home visit in April 2020 but deny the remaining allegations contained in Paragraph 38 of the Complaint.

38. Defendants deny the allegations as contained in Paragraph 38 of the Complaint and demand strict proof thereof.

39. Defendants deny the allegations as contained in Paragraph 39 of the Complaint and demand strict proof thereof.

40. Defendants deny the allegations as contained in Paragraph 40 of the Complaint and demand strict proof thereof.

41. Defendants admit that a parent was released from jail in April of 2020 but state that the remaining allegations as stated in Paragraph 41 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

42. Defendants deny the allegations as contained in Paragraph 42 of the Complaint and demand strict proof thereof.

43. Defendants deny the allegations as contained in Paragraph 43 of the Complaint and demand strict proof thereof.

44. Defendants deny the allegations as contained in Paragraph 44 of the Complaint and demand strict proof thereof.

45. Defendants deny the allegations as contained in Paragraph 45 of the Complaint and demand strict proof thereof.

46. Defendants deny the allegations as contained in Paragraph 46 of the Complaint and demand strict proof thereof.

47. Defendants deny the allegations as contained in Paragraph 47 of the Complaint and demand strict proof thereof.

48. Defendants admit the children are in the custody of CYFD and that the parents were transported to New Mexico in November 2020.  Upon information and belief, Defendants deny the remaining allegations as contained in Paragraph 48 of the Complaint and demand strict proof thereof.

49. Defendants deny the allegations as contained in Paragraph 49 of the Complaint and demand strict proof thereof.

**FIRST CLAIM FOR RELIEF**
**42 USC §1983- Violation of the Fourteenth Amendment – Special Relationship**
**(Against Defendants Saldana, Garza, and Liggett in their individual and official capacities)**

50. Defendants re-allege and incorporate their answers to the previous paragraphs of the Complaint as though fully set forth.

51. Defendants state that the allegations in 51 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

52. Defendants state that the allegations in Paragraph 52 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

53. Defendants deny the allegations as contained in Paragraph 53 of the Complaint and demand strict proof thereof.

54. Defendants deny the allegations as contained in Paragraph 54 of the Complaint and demand strict proof thereof.

55. Defendants deny the allegations as contained in Paragraph 55 of the Complaint and demand strict proof thereof.

56. Defendants deny the allegations as contained in Paragraph 56 of the Complaint and demand strict proof thereof.

57. Defendants deny the allegations as contained in Paragraph 57 of the Complaint and demand strict proof thereof.

**SECOND CLAIM FOR RELIEF**
**42 USC §1983- Violation of the Fourth and Fourteenth Amendments**
**(Against Defendants Saldana, Garza, and Liggett in their individual and official capacities)**

58. Defendants re-allege and incorporate their answers to the previous paragraphs of the Complaint as though fully set forth.

59. Defendants state that the allegations in 59 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

60. Defendants state that the allegations in 60 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 60 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

61. Defendants deny the allegations as contained in Paragraph 61 of the Complaint and demand strict proof thereof.

62. Defendants state that the allegations in 62 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 62 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

63. Defendants deny the allegations as contained in Paragraph 63 of the Complaint and demand strict proof thereof.

64. Defendants deny the allegations as contained in Paragraph 64 of the Complaint and demand strict proof thereof.

65. Defendants deny the allegations as contained in Paragraph 65 of the Complaint and demand strict proof thereof.

66. Defendants deny the allegations as contained in Paragraph 66 of the Complaint and demand strict proof thereof.

### THIRD CLAIM FOR RELIEF
### NMSA 1978 §41-4-6 – New Mexico Tort Claims Act, Negligent Operation and Maintenance of a Building
### (Against CYFD, Saldana, and Garza,)

67. Defendants re-allege and incorporate their answers to the previous paragraphs of the Complaint as though fully set forth.

68. Defendants state that the allegations in 68 of the Complaint contain overly broad legal conclusions rather than factual allegations and are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Complaint. Placing their denial on that basis, Defendants deny the same and demand strict proof thereof.

69. Defendants deny the allegations as contained in Paragraph 69 of the Complaint and demand strict proof thereof.

70. Defendants deny the allegations as contained in Paragraph 70 of the Complaint and demand strict proof thereof.

71. Defendants deny the allegations as contained in Paragraph 71 of the Complaint and demand strict proof thereof.

72. Defendants deny the allegations as contained in Paragraph 72 of the Complaint and demand strict proof thereof.

...

73. Defendants deny the allegations as contained in Paragraph 73 of the Complaint and demand strict proof thereof.

## PRAYER FOR RELIEF

Defendants deny the relief requested in Plaintiffs' Prayer for Relief.

Defendants deny any allegation not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendants assert the following separate and affirmative defenses in order to preserve them. Any affirmative defense for which no evidence has been adduced by the time of trial will be withdrawn:

1. Plaintiffs fail to state a claim for which relief can be granted.
2. Even if the subject incidents occurred as described in the Complaint, and even if Plaintiffs suffered some injury, none of Defendants' actions were the proximate or sole cause of the injuries and damages alleged
3. Defendants are entitled to the defense of qualified immunity.
4. Defendants are entitled to the defense of absolute immunity.
5. Punitive damages are not appropriate in this case.
6. Plaintiffs' claims of punitive damages is barred by law.
7. Defendants did not have a sufficiently culpable state of mind to allow for punitive damages.
8. Defendants did not have a sufficiently culpable state of mind for liability under 42 U.S.C. § 1983.
9. State claims are barred by the New Mexico Tort Claims Act.
10. State claims are limited by the New Mexico Tort Claims Act.

11. Defendants reserve their right to assert additional affirmative defenses as these defenses become known.

## JURY DEMAND

Defendants hereby request an additional six (6) jurors and, therefore, demand a jury of twelve (12) persons in the above titled numbered causes of action.

Respectfully Submitted:

PARK & ASSOCIATES, LLC

By */s/ James J. Grubel*
Alfred A. Park
Lawrence M. Marcus
James J. Grubel
3840 Masthead Street, N.E.
Albuquerque, NM 87109
505-246-2805 ext. 104
jgrubel@parklawnm.com
*Counsel for Defendants*

I hereby certify that a true and correct
copy of the foregoing was served via
CM/ECF filing system to all counsel
of record on this 29th day of April 2021.

*/s/ James J. Grubel*
James J Grubel