IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALISON ENDICOTT-QUIÑONES,
Guardian ad Litem, on behalf of
A. D., R. B., E. B., and M. B.,
minor children,

      Plaintiffs,

vs.                                      No: 1:21-cv-00368  KG/JHR

PATRICIA GARZA, in her individual
and official capacity; REBECCA LIGGETT,
in her individual and official capacity; BRENDA
SALDANA, in her individual and official capacity;
NEW MEXICO CHILDREN YOUTH &
FAMILIES DEPARTMENT; and DOES 1-50,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COME NOW New Mexico Children, Youth and Families Department ("CYFD"), Patricia Garza, Rebecca Liggett, and Brenda Saldana (collectively "Defendants"), by and through their attorneys, Park & Associates, LLC (Alfred A. Park and James J. Grubel), and for their Response to Plaintiffs' Motion for Leave to File Second Amended Complaint [Doc. 39] state as follows:

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Alison Endicott-Quinones filed suit on behalf of minors A.D., R.B., E.B., and M.B ("Children" or "Plaintiffs") and is seeking to file the fourth complaint in relation to the facts alleged herein. Plaintiffs filed their first complaint in Case Number 1:20-Cv-01350-KK-JFR. That lawsuit was voluntarily dismissed on February 18, 2021. Thereafter, this case was filed in the state court on March 1, 2021. The case was removed on April 22, 2021 (Doc. 1). Defendants filed their Answer on April 29, 2021 (Doc. 4). In addition, Defendants filed two motions for judgment on

1

the pleadings (Docs. 13 and 14) in July of 2021.  In response, Plaintiff requested leaved to file their First Amended Complaint (Doc. 17).  Defendants did not oppose the amendment and Plaintiffs filed their First Amended Complaint on August 9, 2021 (Doc. 21).  In response, Defendants filed a Motion to Dismiss ("MTD") for failure to state a claim and based on qualified immunity (Doc. 23) on August 20, 2021.  That motion is still pending. A discovery stay and *de facto* litigation stay were entered on October 26, 2021 and February 22, 2022 respectively (Docs 34 and 38).[1]

The MTD asserted that Plaintiffs have failed to state a claim because they cannot prove liability pursuant to a theory of danger creation or special relationship as a matter of law.  Based on the well-pleaded facts, the Plaintiffs were not in the physical control of CYFD and were returned to the care of their parents.

Plaintiffs now seek to file a fourth complaint. While acknowledging that amendments to pleadings are freely granted, such amendments should not be permitted when they are futile.  In Plaintiffs' Second Amended Complaint, they seek to add facts about the knowledge of individuals, add an additional defendant, and add a state law claim pursuant to the New Mexico Tort Claims Act ("TCA").  The additional facts are irrelevant and do not cure the fact that CYFD is not liable as a matter of law under the theories alleged.  Moreover, there is no waiver of immunity pursuant to the TCA.  The Second Amended Complaint is, therefore, futile and the Court should deny Plaintiffs' leave to file it for that reason.

---

[1] United States Supreme Court, Tenth Circuit, and United States District Court for the District of New Mexico case law provides for a stay of discovery upon the filing of a qualified immunity motion.  *See generally*, Siegert v. Gilley, 500 U.S. 226, 231 (1991); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992).  Herrera v. Santa Fe Pub. Sch., No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *7 (D.N.M. Dec. 20, 2012) (unpublished disposition).  The United States Supreme Court has repeatedly "stressed the importance of resolving qualified immunity decisions at the earliest possible stage in litigation."  Pearson v. Callahan, 555 U.S. 223, 231 (2009), citing Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam).

## II. STANDARD OF REVIEW

The authority cited by Plaintiffs does not support their request to amend their complaint. Denial of leave to amend is "generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365-66 (10th Cir. 1993). Plaintiffs' proposed Second Amended Complaint should be denied because it fails to cure deficiencies by prior amendments and, more importantly, is futile because it would be subject to dismissal for the same reasons asserted in CYFD's MTD.  Further, the proposed Second Amended Complaint ("SAC") is a veiled attempt to file a surreply to the pending MTD and should also be denied for that reason.

## III. ARGUMENT

**A. Plaintiffs' Proposed Second Amended Complaint is futile because the newly asserted claim under the New Mexico Tort Claims Act is invalid as a matter of law.**

In their proposed Third Claim for Relief, Plaintiffs assert that the Defendants violated the TCA by failing to provide a safe living place while they were in the custody of CYFD.  Doc. 39-1 at ¶¶ 172-178.  Plaintiffs' request to file their SAC should be denied because it adds an additional claim pursuant to the TCA that is non-viable as a matter of law

The New Mexico Legislature has declared that it is the "public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that Act." NMSA 1978 §41-4-2A. New Mexico courts have held that the TCA is the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the TCA, and no other claim, civil action, or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission

3

gave rise to the suit or claim. Id. at §41-4-17A. In other words, a plaintiff may not sue a governmental entity of New Mexico, or its employees or agents, unless the plaintiff's cause of action fits within one of the exceptions to immunity granted in the TCA. See Begay v. State, 1985-NMCA-117, 104 N.M. 483, 486, 723 P.2d 252, 255 (Ct. App. 1985) ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."), rev'd on other grounds by Smialek v. Begay, 1986-NMCA-049, 104 N.M. 375, 721 P.2d 1306 (1986). A plaintiff also may not sue a governmental entity or its employees for damages arising out of violations of rights under the New Mexico Constitution, unless the TCA contains a waiver of immunity.[2] See Barreras v. N.M. Corr. Dep't, 2003-NMCA-027, ¶24, 133 N.M. 313, 62 P.3d 770 ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the absence of an express waiver of immunity under the Tort Claims Act.")

It is Plaintiff's burden to identify which of the specific statutory sections allegedly waive immunity. See Rubio v. Carlsbad Municipal School District, 1987-NMCA-127, 106 N.M. 446, 448, 744 P.2d 919, 921 (Ct. App. 1987).

   **i. There is no applicable Tort Claims waiver for the acts alleged.**

There are no provisions within the TCA that impose a duty on CYFD or its employees to obtain or retain custody of children from biological parents. Additionally, there is no waiver of immunity pursuant to the TCA that would allow for a claim to move forward when the claim is based on injuries to a child over whom CYFD does not have physical custody.

---

[2] While the Legislature has now created a cause of action for claims brought under the New Mexico Constitution against public bodies, it does not apply retroactively and thus, cannot apply to this case as the facts arose before July 1, 2021. NMSA 1978 § 41-4A-12.

Plaintiff has failed to identify any applicable tort claims waiver of the State's sovereign immunity. At no point within the four corners of the Complaint does Plaintiff even cite to an applicable waiver of the TCA. Rather, Plaintiffs merely states that, "CYFD, Saldana, and Garza were responsible for providing Plaintiffs a safe living place. Defendants decided to house Plaintiffs with biological parents who had pending felony child abuse charges, and who Defendants knew or should have known were unfit." See Doc. 39-1 at ¶ 173-174. Plaintiffs further allege "The Proposed SAC further adds a cause of action under the New Mexico Tort Claims Act for Defendants' negligent use the biological father's apartment as a foster home."

Assuming *arguendo,* given the reference to a safe living space, that Plaintiffs are relying on the operation of a public building waiver NMSA §41-4-6, such an argument fails. This statutory provision does not provide for a cause of action against Defendants. In reviewing a similar argument, the New Mexico Court of Appeals reasoned:

> We borrow from Judge Black's introduction in M.D.R. v. State ex rel. Human Servs. Dep't, 114 N.M. 187, 188, 836 P.2d 106, 107 (Ct.App.1992), to the interplay between CYFD action and immunity:
>
> It is true that employees of the Department have a responsibility to oversee and supervise the safety and well-being of children entrusted to [the Department]. But it does not necessarily follow that the Department may be held liable under the [Tort Claims] Act for a breach of that duty. The Act declares that governmental entities and public employees shall only be liable within the limitations of its provisions. Governmental entities and public employees, while acting within the scope of their duties, are immune from tort liability except as waived by the Act. The right to sue and recover is therefore specifically limited to the rights, procedures, limitations, and conditions of the Act.

Young v. Van Duyne, 2004-NMCA-074, ¶ 12, 135 N.M. 695, 699, 92 P.3d 1269, 1273 (first alteration in original) (internal quotation marks and citations omitted.)

Plaintiffs set forth an inconsistent argument that conflates two diametrically opposed fact patterns. Plaintiff contends that Defendants failed to protect the Plaintiffs by placing them in the custody of their biological parents. However, Plaintiffs also assert that the "parents kidnapped Plaintiffs and disappeared." Doc. 39-1 at ¶119. Accordingly, the harm that allegedly occurred did not happen in a building controlled or operated by Defendants, but necessarily occurred somewhere other than a place in CYFD control. See Doc. 39-1 at ¶131. Moreover, the SAC admits that CYFD lost control over the Plaintiffs. SAC, ¶¶ 119-120.

Plaintiffs further muddle the issue by asserting "Saldana provided material assistance in operating Ducila's home by bathing Plaintiffs, providing further assistance at mealtimes, and transporting Plaintiffs to school. Upon information and belief, Saldana acted under Garza's direction and supervision." Doc. 39-1 at ¶175. This allegation has no bearing on whether the waiver for operation of a building is applicable because, even assuming that CYFD operated the parents' home, which is denied, the harm did not take place in the home. The harm was not caused directly by any CYFD employee and occurred months after the Plaintiffs left New Mexico.

As a matter of law, there is no applicable waiver of immunity pursuant to the TCA that would support the allegations against Defendants. See Young, 2004-NMCA-074, ¶ 30. In Young, the Court of Appeals determined that there was no authority for interpreting § 41-4-6 so broadly as to intend the building waiver to apply to a private home. Id. at ¶ 29. Young addressed the issue of CYFD's duty in connection with supervision, oversight, operation, or maintenance of a home into which a child is placed for adoption. The court's analysis was predicated on the fact the legal relationship of the adopted child to the adoptive parents was the same as if he were a biological child. Young, ¶ 25. Accordingly, the same analysis is appropriate here, where the Plaintiffs were

6

in the physical custody of their biological parents.  Plaintiffs cite to no authority or allege any facts supporting their novel claim that the home of the biological parent was somehow a foster home.

Here, the proposed SAC makes clear that the Plaintiffs were no longer in the physical control of CYFD or its employees, and that the actions of Plaintiffs' parents caused harm. Accordingly, the Young holding dictates that the waiver provision of §41-4-6 is not applicable to the home of a natural parent.  Simply, there is no waiver under the TCA for an asserted failure, by a public agency or employee, to remove a minor child from the physical custody of his/her natural parent, even assuming there is a duty otherwise. The Legislature did not impose such a duty on CYFD or its employees aside from the scenario carved out and discussed by the Young court in a pre-adoption foster parent setting.

Plaintiff's Complaint fails to include any other waiver provision of the TCA. Because there is no applicable waiver of sovereign immunity for the negligence alleged in the SAC, the causes of action pursuant to the TCA are futile and leave to file the SAC should be denied.

**B. Plaintiff's Second Amended Complaint fails to cure deficiencies that have existed in the three prior complaints and the proposed additions are futile.**

Plaintiffs' Motion for Leave should be denied because the new facts asserted do not alter the basic flaw in their causes of action, making them subject to dismissal.  Consequently, any amendment to assert such facts is futile.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." Panicker v. State Dep't of Agric., 498 F. App'x 755, 757 (10th Cir. 2012) (quoting Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investor's Serv., Inc., 175 F.3d 848, 859 (10th Cir.1999)). Here, Defendants filed a motion seeking the dismissal of all claims based on a failure to state a claim and based on qualified immunity.  The additional facts in the proposed SAC do not save Plaintiffs' claims and are merely red herrings.

7

As asserted by Defendants in their MTD, the Due Process Clause "generally confer[s] no affirmative right to governmental aid, even when such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 196 (1989). Similarly, "state actors are liable only for their own acts, and not the violent acts of third parties." Liebson v. New Mexico Corrections Dep't, 73 F.3d 274, 276 (10th Cir.1996). Here, the SAC proposes multiple additional facts. See Doc. 39 at 2-4. However, none of the facts are relevant to whether Defendants breached duties created by a special relationship or created a danger. None of the proposed additional allegations alter the dispositive fact that Plaintiffs were returned to the physical custody of their biological parents for a trial home visit and that the parents fled the state.[3]

Moreover, the proposed facts were already asserted in the operative First Amended Complaint ("FAC") and the Plaintiffs merely seek to augment those facts without curing the fundamental flaw in Plaintiffs' theories. For example, to the extent that the SAC alleges facts claiming CYFD had knowledge that the biological parents posed a danger to Plaintiffs, this is irrelevant and was already plead in the FAC. See Motion, Doc. 39 at 3; SAC, Doc 39-1 at ¶ 125-130 and compare with FAC Doc. 21 at ¶¶ 205, 206. The Tenth Circuit has held that the defendants' knowledge of a risk of harm to the plaintiff was "not relevant to the determination of whether a special relationship existed." Armijo By & Through Chavez v. Wagon Mound Pub. Sch., 159 F.3d 1253, 1262 n.5 (10th Cir. 1998). This is an attempt to skew facts already plead in an attempt to assert a more emotionally appealing claim. However, the degree to which a complaint paints a "grim picture" of a defendant's alleged misconduct is not the standard by which futility or dismissal

---

[3] The flaws in Plaintiffs' First Amended Complaint are addressed in the briefing on Defendants' Motion to Dismiss, Docs. 23, 28, and 31. Defendants do not reiterate those arguments here because it would be an inappropriate surresponse. Defendants address the TCA issue because that is not included in the Motion to Dismiss. If that Motion were to be denied, Defendant's opposition to the SAC would be moot.

is decided. Hodge v. Ocwen Loan Servicing, No. 2:11-CV-00837-DN, 2012 WL 1434887, at *7 (D. Utah Apr. 25, 2012). Plaintiffs' proposed SAC does not alter their original claims in any material way and cannot survive a motion to dismiss. Leave to file it should be denied.

**C. Plaintiffs' Motion for Leave to File a Second Amended Complaint should be denied because it is effectively an improper surreply and would interpose delay.**

The filing of a surreply requires leave of court. D.N.M.LR-Civ. 7.4 (b). Surreplies are disfavored and are generally only allowed if a party filing a reply has raised new issues, argument, or evidence not addressed in previous briefs. Apodaca v. Mesa County, Colorado, 2005 WL 8163756 at *1). The district court has discretion to decide whether or not to allow a surreply and its decision will only be overturned if it abuses that discretion. Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164 (10th Cir. 1998).

Whether to allow supplemental briefing on a newly-raised issue is a "supervision of litigation" question, which the Tenth Circuit reviews for abuse of discretion. Geddes v. United Staffing All. Emp. Med. Plan, 469 F.3d 919, 928 (10th Cir. 2006) (articulating this standard in the summary judgment context) (quoting Pippin v. Burlington Res. Oil & Gas, 440 F.3d 1186, 1192 (10th Cir. 2006)). "A district court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." Nova Health Sys. v. Edmondson, 460 F.3d 1295, 1299 (10th Cir. 2006) (internal quotation marks omitted).

Here, Plaintiffs are simply attempting to make additional arguments on an issue that is fully briefed before the Court, presumably in an attempt to delay or avoid a determination on Defendants' Motion to Dismiss. This is inappropriate and the Motion to for Leave should be denied, as Plaintiffs should not be permitted to engage in serial amendment each time a flaw in their causes of action is identified.

If the Plaintiffs were permitted to file their SAC that would be prejudicial to Defendants as it would allow Plaintiffs to inappropriately delay a ruling on Defendants' pending Motion to Dismiss. It would also force Defendants to file yet another motion to dismiss in response to Plaintiffs' serial amendments. This is an unnecessary waste of resources given the proposes SAC asserts fundamentally the same claims as Plaintiffs' previous Complaints.

WHEREFORE, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Second Amended Complaint, as well as for such further relief as the Court deems appropriate.

Respectfully Submitted:

PARK & ASSOCIATES, LLC

By  /s/ James J. Grubel
Alfred A. Park
Lawrence M. Marcus
James J. Grubel
3840 Masthead Street, N.E.
Albuquerque, NM 87109
505-246-2805 ext. 104
jgrubel@parklawnm.com
*Counsel for Defendants*

I hereby certify that a true and correct
copy of the foregoing was served via
CM/ECF filing system to all counsel
of record on this 31st day of August, 2022.

/s/ James J. Grubel
James J Grubel