UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ALISON ENDICOTT-QUIÑONES,
Guardian ad Litem, on behalf of
A. D., R. B., E. B., and M. B.,
minor children,

    Plaintiffs,

vs.   No. 21-cv-00368-DHU-JMR

PATRICIA GARZA, in her individual
and official capacity; REBECCA LIGGETT,
in her individual and official capacity; BRENDA
SALDANA, in her individual and official capacity;
and DOES 1-50,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 39) ("Plaintiffs' Motion") and Defendants' Motion to Dismiss (Doc. 23) ("Defendants' Motion"). Both motions are fully briefed. Having reviewed the briefs, the applicable law, and being otherwise fully informed, the Court finds that Plaintiffs' Motion (Doc. 39) is well-taken, and is, therefore, **GRANTED**. The Court therefore denies Defendants' Motion (Doc. 23) as **MOOT**.

### BACKGROUND

This is a 42 U.S. Code § 1983 case brought against employees of New Mexico's Child, Youth, & Family Department ("CYFD"). Plaintiffs A.D., R.B., E.B., and M.B, all minor children ("Plaintiffs" or "Children"), allege that Defendants disregarded Plaintiffs' constitutional rights in a number of ways, including by removing the Children from the care of their biological parents, taking the Children into foster care, and then placing them with their biological father on a trial

home visit despite knowing he was unfit to parent the Children. Shortly after being placed on the trial home visit, both parents fled New Mexico with the children. Plaintiffs allege that when they were found months later, M.B. had suffered catastrophic brain damage and all of the Children had suffered trauma.

On March 1, 2021, Plaintiffs filed their complaint in state court. On April 22, 2021, the case was removed to federal court (Doc. 1). On August 2, 2021, Plaintiffs filed an unopposed motion for leave to file a first amended complaint (Doc. 17), which the Court granted (Doc. 18). On August 9, 2021, Plaintiffs filed their First Amended Complaint (Doc. 21). On August 20, 2021, Defendants filed a Motion to Dismiss for failure to state a claim and based on qualified immunity. (Doc. 23). On August 17, 2022, Plaintiffs filed their Motion for Leave to File Second Amended Complaint (Doc. 39). Defendants oppose amendment (Doc. 40).

## LEGAL ANALYSIS

### I. Plaintiffs' Motion for Leave to File Second Amended Complaint

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Unless the amendment is permitted as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, (1971) (quoted in *Minter vs. Prime Equipment Co.*, 451 F.3d. 1196, 1204 (10th Cir. 2006)). Leave need not be granted on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315

(10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

"The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' " *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend. *Minter*, 451 F.3d at 1207. However, the court may also refuse to allow amendment if the proposed amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted). Although undue prejudice to the opposing party has been characterized as the "most important" factor in deciding whether to allow leave to amend, *Minter*, 451 F.3d at 1207, undue prejudice need not be shown if another ground justifies denial of leave to amend. *See First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) ("[A] district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' Prejudice to the opposing party need not be shown also."). Indeed, the Tenth Circuit has repeatedly affirmed denial of leave to amend based on futility alone. *See*, *e.g.*, *Doe v. Woodard*, 912 F.3d 1278, 1302 n.28 (10th Cir. 2019); *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010); *Suiters*, 499 F.3d at 1238–39; *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199–1201 (10th Cir. 2006). "Nevertheless, it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch. Sols., LLC v. Fed. Trade Comm'n*, 2020 WL 4192294, at *3 (D. Utah July 21, 2020) (string cite omitted).

Here, the Court will grant Plaintiffs' motion for leave to amend the complaint for several reasons. First, Defendants' opposition to amendment is largely based on arguments that the amendment will be futile. Plaintiffs argue that the Court may decline to engage in the futility analysis because Defendants' arguments will be better addressed in the context of a motion to dismiss. The Court agrees that it has discretion to decline to engage in a futility analysis at this stage because Defendants' arguments in opposition to amendment will be more properly addressed in dispositive motions. *See id.* Defendants also argue that Plaintiffs' Motion is effectively an improper surreply and will cause delay. Plaintiffs reply that the facts alleged in their proposed Second Amended Complaint are relevant to the purported deficiencies in the operative complaint, and Defendants' surreply argument is not a recognized ground for denying a motion for leave to amended. Particularly because Defendants' have not shown that amendment will create undue delay or undue prejudice, the Court finds that amendment is appropriate.

## II.  Defendants' Motion to Dismiss

Defendants' dismissal motion is directed at Plaintiffs' First Amended Complaint, which will be superseded in light of the Court's ruling granting Plaintiffs leave to amend the complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("an amended complaint supercedes an original complaint and renders the original complaint without legal effect[.]") (citation and quotation marks omitted). The Court therefore denies as moot the dismissal motion targeting the First Amended Complaint because "[i]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." *Sentry Ins. a Mut. Co. v. Pichardo*, No. 1:20-CV-00497-JCH-CG, 2021 WL 4034092, at *5 (D.N.M. Sept. 3, 2021) (citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 39) is **GRANTED**.  Plaintiff's Second Amended Complaint must be filed on the docket within **five** working days of the entry of this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 23) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE